```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES NOVAK,

                    Petitioner,       ORDER

         - against -                  Civil Action No.
                                      CV-07-4361(DGT)
UNITED STATES OF AMERICA,

                    Respondent.
-------------------------------------------------------x
```

TRAGER, J.

On October 8, 2007, Charles Novak, appearing pro se, filed the instant motion pursuant to 28 U.S.C. § 2255 (2000) to vacate his judgment of conviction. For the reasons set forth below, his motion is denied.

**Background**

Novak was indicted on charges of racketeering, mail fraud, receipt of unlawful labor payments, making false ERISA statements, money laundering and conspiracy. The charges stemmed from payments Novak received as a Business Agent/Vice President of Local One of the International Union of Elevator Constructors ("Local One"). Local One's members are mechanics and operators who construct, maintain and operate the temporary elevators at construction sites in the greater New York City area. The operators are supervised by lead operators, Local One members who are appointed by business agents such as Novak who serve as de facto, on-site union representatives.

Local One entered into collective bargaining agreements with certain building contractors. The collective bargaining agreements established wage rates for regular and overtime work and required the contractors to contribute to the pension, welfare and annuity plans ("benefit plans") of Local One's operators. The contractors' contributions were based on hours the operators worked as reflected on time sheets submitted by Local One. Lead operators completed the time sheets.

Local One kept a hiring list containing the names of operators who were not assigned to a job. Lead operators and business agents would submit the names of operators on the hiring list to contractors who had available operator positions on their construction sites. Traditionally, preference in hiring was given to operators who had been on the list the longest. Business agents and lead operators, however, had the authority to assign jobs to Local One members regardless of their positions on the list.

Novak and the lead operators he appointed developed a scheme whereby they would supply contractors with the names of favored operators from the hiring list regardless of their priority on the list, provided they "kicked back" a portion of their wages. In furtherance of this scheme, the lead operators provided the contractors with time sheets which stated that the operators had worked hours they had not. The contractors paid the operators

their wages and contributed to their benefit plans based on the hours stated on the fraudulent time sheets. The operators kicked back the net portion of their wages to Novak and the lead operators, but kept the contributions to their benefit plans.

Following a jury trial, Novak was convicted of one RICO count, one mail fraud count, four counts of unlawful labor payments, three counts of making false ERISA statements, one count of money laundering and three counts of conspiracy. He was sentenced to 108 months in prison.

Novak appealed to the United States Second Circuit on the following grounds: (1) there was no actual violation of 29 U.S.C. § 186 for receipt of unlawful labor payments because the payments were not made by an employer, (2) the Court's comments to the jury denied him a fair trial, (3) the mens rea definitions in the jury charge diluted the prosecution's burden of proof and (4) venue had not been established in the Eastern District of New York for the counts of the indictment charging false ERISA statements.

In a published opinion, the Second Circuit affirmed Novak's convictions for unlawful receipt of labor payments, RICO conspiracy and RICO violations but reversed his mail fraud and false ERISA statement convictions. United States v. Novak ("Novak I"), 443 F.3d 150, 163 (2d Cir. 2006). After further briefing, the Second Circuit, in an unpublished opinion, affirmed

3

Novak's convictions for money laundering, money laundering conspiracy and conspiracy to receive unlawful labor payments. United States v. Novak ("Novak II"), 188 Fed. App'x 9, 10 (2d Cir. 2006). The Supreme Court denied his petition for a writ of certiorari on October 30, 2006, and Novak was resentenced on the nine remaining counts.

Novak now brings the instant motion claiming that his trial counsel was ineffective because he failed to: (1) object to several of the charges as duplicitous, (2) object to the instruction on the unlawful labor payment counts, which did not require the jury to find that the payments were made with the knowing participation of the employer (the "knowing participation argument"),[1] (3) object to comments made by the Court or (4) object to the jury instruction on mens rea.

**Discussion**

**(1)**

**Procedural Bar**

Novak raises three claims that were already considered and rejected on appeal and one claim that was never presented to this Court or raised on appeal. Section 2255 motions may not raise issues that were: (1) raised on direct appeal, e.g., Barton v.

---

[1] Novak also faults trial counsel for not requesting an alternative jury instruction or moving to acquit on this issue.

4

United States, 791 F.2d 265, 267 (2d Cir. 1986), or (2) not raised on direct appeal absent a showing of cause for failing to raise it and prejudice arising from the failure, see Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 509 (2003). Standing alone, all of the grounds Novak presents in this motion are likely procedurally barred. Novak couches all of his claims as ineffective assistance arguments, however, thereby circumventing § 2255's procedural bar.

**(2)**

**Ineffective Assistance of Counsel**

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient" (the "performance prong") and (2) "the deficient performance prejudiced the defense" (the "prejudice prong"). Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test need not be considered. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 697.

Strickland requires a petitioner to "affirmatively prove"

prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94.

In order to satisfy the performance prong of the Strickland test, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

A. Claims Based on Arguments Presented on Appeal

Three of Novak's claims fault his trial counsel for not raising arguments at trial which the Second Circuit later rejected on appeal.

Regarding the knowing participation argument, this Court questioned whether the Government could prove that the payments were unlawful under 29 U.S.C. § 186 without the contractors' knowing participation in the payment scheme but left that question to be answered by the Second Circuit. Trial Tr. 3129. The Second Circuit found that "the employees' receipt of paychecks from the contractors, and the employees' subsequent payments to Novak, were so closely related that a jury could conclude that the transfers . . . were actually between an employer and a union representative," thus rejecting Novak's knowing participation argument. Novak I, 443 F.3d at 156. Given

6

this Court's stated willingness to allow the Government to advance its theory and the Second Circuit's ultimate endorsement of that theory, any objection, request for new trial or request for an instruction based on the knowing participation argument would have been unavailing.  Thus, Novak does not satisfy the prejudice prong of the Strickland test because he cannot affirmatively prove that there is a reasonable probability that the result of the proceeding would have been different had his trial counsel made the knowing participation argument.

Likewise, Novak has not proven that he was prejudiced by his trial counsel's failure to object to comments made by the Court or to the jury instruction on mens rea.  Appellate counsel did raise the issues in his brief, and the Second Circuit considered them and summarily dismissed these issues as meritless.  Novak, 443 F.3d at 163 ("We have considered Novak's remaining claims and find them to be without merit.").  Moreover, he does not satisfy the performance prong.  Given the Second Circuit's rejection of the arguments Novak says his counsel should have made, including the knowing participation argument, he cannot demonstrate that trial counsel's representation fell outside the wide range of reasonable professional assistance.

Accordingly, relief on the three claims addressed above is denied.

B.  <u>Ineffective Assistance of Counsel for Failing to Object to Duplicitous Counts</u>

Novak next claims that his trial counsel was ineffective for failing to object to several of the counts as duplicitous. Duplicity is the joining of two or more distinct crimes in a single count. See 1A Charles Alan Wright, <u>Federal Practice and Procedure</u> § 142 (3d ed. 1999). According to Novak, several of the counts in the indictment improperly combined two or more crimes[2] either by charging violations of 18 U.S.C. § 2, which provides punishment for aiding and abetting a crime, with violations of other statutes or by charging violations of two subsections of a statute in the same count.

First, "18 U.S.C. § 2 does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime." <u>United States v. Campbell</u>, 426 F.2d 547, 553 (2d Cir. 1970). In other words, aiding and abetting is not a separate offense and may be charged in the same count as a substantive crime.

Second, Novak claims that Counts Six through Thirteen (the

---

[2] These were: Count Five, which combined 18 U.S.C. §§ 1341 and 2; Counts Six through Thirteen, which combined 29 U.S.C. § 186(a)(1) and (b)(1) and 18 U.S.C. § 2; Counts Fourteen through Twenty, which combined 18 U.S.C. §§ 2314 and 2; Counts Twenty-One through Twenty-Seven, which combined 18 U.S.C. §§ 1027 and 2; Counts Thirty through Thirty-Six, which combined 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i) and 2; Count Thirty-Seven, which combined 18 U.S.C. §§ 1951(a) and 2; and Count Thirty-Eight, which combined 18 U.S.C. §§ 1512(b)(3) and 2.

unlawful payments counts) were duplicitous because they charged violations of both subsection (a) and subsection (b) of 29 U.S.C. § 186. An indictment does not combine separate offenses in a single count when the count alleges several means of committing the same offense. Cf. United States v. Murray, 618 F.2d 892, 896 (2d Cir. 1980) ("[T]he allegation in a single count of the commission of a crime by several means should be distinguished from the allegation of several offenses in the same count. . . . [T]he latter type of allegation is duplicitous, while the former is not.").

Section 186 prohibits all payments, with certain narrow exceptions, from an employer to a union representative. Subsections (a) and (b) provide two distinct means of violating that prohibition: employers may make the illegal payment or union representatives may receive them. See United States v. Georgopoulos, 149 F.3d 169, 171 (2d Cir. 1998) (discussing the history and structure of 29 U.S.C. § 186). Accordingly, the unlawful payment counts were not duplicitous.

Similarly, Counts Thirty through Thirty-Six (the money laundering counts) did not allege in each count the commission of more than one offense, but several means to accomplish a single offense. Counts Thirty through Thirty-Six alleged violations of both subsections (a)(1)(A)(i) and (a)(1)(B)(i) of 18 U.S.C. § 1956. The purpose of § 1956 is to prohibit "financial

9

transaction[s] involving known illicit proceeds." United States v. Navarro, 145 F.3d 580, 592 (3d Cir. 1998). Subsection (a)(1) prohibits these financial transactions as follows:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
>
> * * *
>
> (B) knowing that the transaction is designed in whole or in part -
>
> (i) to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity
>
> * * *
>
> shall be [guilty of a crime].

18 U.S.C. § 1956(a).

Implicit in Novak's claim that subsections (a)(1)(A)(i) and (a)(1)(B)(i) are duplicitous is the argument that § 1956(a) proscribes two separate offenses: (1) conducting a financial transaction with known illicit proceeds intending to promote further illegal activity and (2) conducting such a transaction knowing that it is meant to hide the source, ownership or control of the proceeds of unlawful activity. This argument is unavailing. The Second Circuit, in United States v. Holmes,

10

considered and rejected the premise that conducting a financial transaction for two unlawful purposes gives rise to two separate crimes. 44 F.3d 1150, 1155 (2d Cir. 1995); accord United States v. Seher, --- F.3d ---, 2009 WL 779585, at *10 (11th Cir. 2009) (holding that Congress intended § 1956(a) to create a single offense of money laundering "with alternative mental states").[3]

Accordingly, had trial counsel objected to the indictment on duplicity grounds, his objection would not have been supported by the law. Therefore, relief under § 2255 cannot be based on trial counsel's failure to object to the indictment.

---

[3] Subsection (a)(1)(B)(ii) provides a third mental state – knowledge that the transaction was designed to avoid a transaction reporting requirement – which is not relevant to this discussion because the indictment did not charge and the jury was not instructed on that mental state.

## Conclusion

Petitioner has shown no basis for relief under § 2255, and, therefore, his motion is denied. The Clerk of the Court is directed to enter judgment accordingly and close the case.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c).

Dated:   Brooklyn, New York
         April 13, 2009

                                    SO ORDERED:


                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge